IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GATHENJI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AUTOZONE INC., and RICK TORRES<br><br>　　　　Defendants.<br>_____ | Case No.: 1:08-cv-01941-LJO-JLT<br><br>ORDER DENYING STIPULATION TO AMEND SCHEDULING ORDER<br><br>(Doc. 75) |

　　　　This matter, involving claims of discrimination, harassment and retaliation in the workplace, was filed on December 19, 2008. (Doc. 1) The original scheduling order was issued on April 2, 2009. (Doc. 14) On May 26, 2010, in part due to Plaintiff's desire to file a second amended complaint, the Court vacated the original trial schedule. (Doc. 58) The minute order issued by the Court at that time reads, "This Court ADMONISHES the parties to process this action diligently given that this action has been pending since December 2008." Id.

　　　　Finally, on July 1, 2010, after filing the second amended complaint and the errata thereto, Plaintiff's pleading was finalized and Defendants answered on July 15, 2010. (Docs. 63, 69, 70) The Court issued the amended scheduling order on August 5, 2010. (Doc. 73) The dates selected were based upon the "extensive discovery that has occurred already" and the limited issues upon which discovery would occur. Id. at 2. Notably, in the scheduling order, the Court admonished the parties,

> *The dates set forth in this order are considered firm and will not be modified absent a showing of good cause.* **Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(Doc. 73 at 7)

In their current stipulation, the parties report that they have not completed the deposition of the plaintiff[1] and, as a result, have been unable to resolve their dispute over whether he should submit to a mental health examination. (Doc. 75 at 2) It appears from the correspondence attached to the stipulation, that the issue has been under discussion since, at least, late November 2010. (Doc. 75, Ex B) Apparently, the parties feel that plaintiff's testimony will shed light on the need for this examination. (Doc. 75 at 2) Why they believe this and why Plaintiff's counsel is unable to outline the limitations of Plaintiff's mental/emotional damages, rather than requiring Defendants to hear this directly from Plaintiff, is not explained. Also, not explained, is why this stipulation to amend the scheduling order was filed nearly on the eve of non-dispositive motion deadline.[2]

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified <u>only for good cause</u> and only with the judge's consent. Fed. R. Civ. P. 16(b). In <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to

---

[1] The Court does <u>not</u> condone the taking of depositions beyond the discovery deadline nor, does it express any authorization for the parties proceeding on this course. However, because that issue is not before the Court, the Court does not issue any orders related to that conduct.

[2] In *Hardy v. County of El Dorado*, the Court rejected a motion to extend the discovery cut-off, filed three days before the discovery cut-off, for a lack of diligence. The Court held, "Indeed, requesting the Court to modify the Scheduling Order to extend the discovery cut-off date three days before the deadline does not constitute diligence." *Id.*, 2008 U.S. Dist. LEXIS 75925, at *4 (E.D. Cal. Aug. 29, 2008).

demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." <u>Jackson</u>, 186 F.R.D. at 608.

The fact that there may be difficulties in scheduling a deposition is not an unanticipated eventuality and, in fact, the parties have been aware of this problem and their dispute over the mental health examination since November 2010. Thus, the Court does not find good cause to modify the scheduling order.

**ORDER**

Based upon the foregoing,

1. The request to modify the scheduling order is **DENIED**;
2. Nevertheless, Defendants may file their notice of motion to compel the deposition of the Plaintiff and/or a motion to compel Plaintiff to submit to a mental health examination, no later than February 16, 2011.

IT IS SO ORDERED.

Dated:   **February 14, 2011**                                   **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE